STATE V. KENNEDY

This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

**STATE OF NEW MEXICO,**
**Plaintiff-Appellee,**
**v.**
**KRISTINA KENNEDY,**
**Defendant-Appellant.**

Docket No. A-1-CA-37560
COURT OF APPEALS OF NEW MEXICO
May 8, 2019

APPEAL FROM THE DISTRICT COURT OF OTERO COUNTY, James Waylon Counts, District Judge

**COUNSEL**

Hector H. Balderas, Attorney General, Santa Fe, NM for Appellee

Bennett J. Baur, Chief Public Defender, Gregory B. Dawkins, Assistant Appellate Defender, Santa Fe, NM for Appellant.

**JUDGES**

J. MILES HANISEE, Judge. WE CONCUR: LINDA M. VANZI, Judge, JENNIFER L. ATTREP, Judge

**AUTHOR:** J. MILES HANISEE

**MEMORANDUM OPINION**

**HANISEE, Judge.**

**{1}** Defendant, Kristina Kennedy, appeals her conviction for serving or giving alcoholic beverages to a minor, in violation of the Liquor Control Act. *See* NMSA 1978, § 60-7B-1(A)(1) (2013). We issued a notice of proposed summary disposition proposing to affirm, and Defendant has responded with a timely memorandum in opposition and motion to amend the docketing statement. We have considered Defendant's arguments

and remain unpersuaded that our initial proposed disposition was incorrect. We therefore affirm.

**{2}** We have already outlined the relevant procedural and factual background in our notice of proposed summary disposition. Therefore, in order to avoid unnecessary repetition, we will focus instead on the contents of Defendant's memorandum in opposition, discussing only such facts as are relevant to her arguments.

**{3}** Defendant continues to argue that serving or giving alcohol to a minor with the consent of the minor's parent or guardian is not a violation of Liquor Control Act. [MIO 6-8] Defendant's argument raises an issue of statutory interpretation, which we review de novo. *See State v. Branch*, 2018-NMCA-031, ¶¶ 12-13, 417 P.3d 1141 (reviewing the defendant's argument that the State was required to prove specific intent to frighten or put the victim in fear of immediate battery in order to convict him of aggravated assault as ultimately raising a question of interpretation of the assault statute, subject to de novo review); *see also State v. Myers*, 2009-NMSC-016, ¶ 13, 146 N.M. 128, 207 P.3d 1105 (setting forth standards of review for a case involving both a sufficiency claim and an issue of statutory construction).

**{4}** Defendant relies on Section 60-7B-1(B)(1), which provides that "it is not a violation of the Liquor Control Act . . . when a parent, legal guardian or adult spouse of a minor serves alcoholic beverages to that minor on real property, other than licensed premises, under the control of the parent, legal guardian or adult spouse[.]" This statutory provision, by its terms, does not apply to Defendant, however, as no evidence was presented at trial that Defendant was a parent, legal guardian, or adult spouse of L.J.

**{5}** To the extent Defendant argues that Section 60-7B-1(B)(1) should be read to apply in circumstances in which a parent, legal guardian, or adult spouse gives consent to another person to serve or give alcohol to a minor, we disagree. The plain language of this section limits its application only to instances in which those persons specifically designated serve or give alcohol to a minor. *See State v. Gonzales*, 2017-NMCA-080, ¶ 19, 406 P.3d 534 (stating that the primary goal of statutory construction is to discern legislative intent, which we do by looking at the language used in the statute and the plain meaning of that language); *State v. Wilson*, 2010-NMCA-018, ¶ 9, 147 N.M. 706, 228 P.3d 490 ("If the language of the statute is clear and unambiguous, we must give effect to that language and refrain from further statutory interpretation.") (internal quotation marks and citation omitted). Defendant's proposed reading of Section 60-7B-1(B)(1) would require that we read language into an unambiguous statute that is not there. *See State v. Trujillo*, 2009-NMSC-012, ¶ 11, 146 N.M. 14, 206 P.3d 125 (stating that appellate courts "will not read into a statute any words that are not there, particularly when the statute is complete and makes sense as written").

**{6}** Defendant asserts that this construction of the statute leads to an absurd result because a parent can serve alcohol to a minor but cannot delegate that act to a third party and argues that the legislature could not have intended that criminal liability be

imposed when a third party pours an alcoholic drink for a minor when the parent is present and gives consent. [RP 7] We cannot say, however, that it is absurd for the legislature to exempt only those persons specifically named in Section 60-7B-1(B)(1) from criminal liability under the Liquor Control Act for giving or serving alcoholic beverages to a minor. Rather, it gives meaning to the Legislature's inclusion of the words "under the control of the parent, legal guardian or adult spouse" in the statute as relates to giving or serving alcohol to a minor, which carries out the apparent intent that more than the mere consent and presence of the parent, legal guardian, or adult spouse of the minor is required. Accordingly, since the plain language of the statute is not ambiguous and a strict interpretation of its terms does not lead to an absurd result, we reject Defendant's argument.

**{7}** Defendant next argues, pursuant to a motion to amend the docketing statement, that the district court committed fundamental error in not instructing the jury on her affirmative defense that she had the consent of the minor's parent. [MIO 4-8] We disagree. As discussed above, the consent of a minor's parent is not a defense to a violation under Section 60-7B-1. Accordingly, it was not fundamental error for the district court not to instruct the jury on Defendant's theory of the case. *See State v. Nieto*, 2000-NMSC-031, ¶ 17, 129 N.M. 688, 12 P.3d 442 ("A trial court's refusal to submit a jury instruction is not error if the submission of the instruction would mislead the jury by promoting a misstatement of the law."). We therefore deny the motion to amend the docketing statement, as this issue is not viable. *See State v. Ibarra*, 1993-NMCA-040, ¶ 13, 116 N.M. 486, 864 P.2d 302 (denying the motion to amend the docketing statement where the issue the defendant sought to raise was not viable).

**{8}** Finally, Defendant continues to argue that the evidence was insufficient to support her conviction. [MIO 8-9] "The test for sufficiency of the evidence is whether substantial evidence of either a direct or circumstantial nature exists to support a verdict of guilty beyond a reasonable doubt with respect to every element essential to a conviction." *State v. Torrez*, 2013-NMSC-034, ¶ 40, 305 P.3d 944 (internal quotation marks and citation omitted). "Substantial evidence is that which a reasonable mind accepts as adequate to support a conclusion." *State v. Huerta-Castro*, 2017-NMCA-026, ¶ 24, 390 P.3d 185. "This Court evaluates the sufficiency of the evidence in a criminal case by viewing the evidence in the light most favorable to the verdict, resolving all conflicts and indulging all permissible inferences in favor of upholding the conviction, and disregarding all evidence and inferences to the contrary." *State v. Trujillo*, 2012-NMCA-092, ¶ 5, 287 P.3d 344.

**{9}** As discussed in the notice of proposed summary disposition, the evidence was sufficient show that Defendant gave an alcoholic beverage to L.J, that L.J was a minor at the time, and that Defendant knew that L.J. was a minor. *See* § 60-7B-1(A)(1) (stating that it shall be a violation of the Liquor Control Act for a person to sell, serve or give alcoholic beverages to a minor or permit a minor to consume alcoholic beverages on the licensed premises if the person knows or has reason to know that the person is violating the provisions of the Section 60-7B-1); *see also* § 60-7B-1(D) (stating that the term "minor" as used in the Liquor Control Act means a person under twenty-one years

of age). [RP 157] Accordingly, the evidence was sufficient to support Defendant's conviction.

**CONCLUSION**

**{10}** For these reasons, we affirm Defendant's conviction.

**{11}  IT IS SO ORDERED**.

**J. MILES HANISEE, Judge**

**WE CONCUR:**

**LINDA M. VANZI, Judge**

**JENNIFER L. ATTREP, Judge**